# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES L GILES, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK ) | |
| NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Wells Fargo Bank National Association ("Wells Fargo"), appearing specially and without waiving the defenses of insufficient process, insufficient service of process, and any other defenses available under state and/or federal law, hereby removes this action from the Magistrate Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, because this Court has federal-question jurisdiction and supplemental jurisdiction over this action. Accordingly, Wells Fargo hereby removes this action to this Court and in support state as follows:

## I.     BACKGROUND

1. On or about November 18, 2021, James L. Giles ("Plaintiff") filed a Statement of Claim (the "Statement of Claim") in the Magistrate Court of Gwinnett County, Georgia, Case No. 21-M-32605 (the "Action"), which alleges violations by Wells Fargo in relation to a consumer credit account issued to Plaintiff (the "Account").

2. Redacted true and correct copies of all process, pleadings, and orders served in the Action are attached hereto as **Exhibit A**.[1]

3. Upon information and belief, Wells Fargo was served with the Summons and Complaint on December 16, 2021.

4. Accordingly, Wells Fargo is removing the Action within 30 days of receiving a copy of the Summons and Complaint, and this removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

5. Wells Fargo denies all allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff is entitled to relief of any kind. However, presuming for jurisdictional purposes only, that

---

[1] Exhibit A has been redacted for Plaintiff's personal identifying information.

Plaintiff's claims are valid, this Court has original jurisdiction over this case based on federal-question jurisdiction.

6. By filing this Notice of Removal, Wells Fargo does not waive any of its denials, objections, or affirmative and other defenses.

## II.    FEDERAL QUESTION JURISDICTION

7. A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1331, federal-question jurisdiction is appropriately exercised over civil actions arising under the Constitution, laws, or treaties of the United States.

9. The Statement of Claims alleges that Wells Fargo improperly serviced the Account in its application of CVOID-19 relief, resulting in violations of, *inter alia*, the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the federal Fair Billing Act , 15 U.S.C. § 1666 *et seq.* ("FBA"), and the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") Ex. A., Stmt. Of Claim (first attachment, second page).

10. In addition to the alleged violation of these statutes, Plaintiff seeks $3,500 in statutory damages for violation of the FBA, $3,500 in statutory damages for violation of the FCRA, and $4,000 in statutory damages for violation of the FDCPA and TILA. *Id.*

11. Accordingly, resolution of Plaintiff's claims will require resolution of significant, disputed issues arising under "the Constitution [and] laws" of the United States.

12. Therefore, this Court has original jurisdiction over Plaintiff's federal claims. 28 U.S.C. § 1331.

### III.  SUPPLEMENTAL JURISDICTION

13. In addition to statutory damages, Plaintiff seeks actual damages and punitive damages. *Id.*

14. Such damages are available under the federal statutes alleged, and Plaintiff cites no other theory of recovery for those requests. However, to the extent that Plaintiff intends to assert any state law claims related to the Account, this Court has supplemental jurisdiction over these remaining claims because they stem from the same operative facts and form part of the same case or controversy. *See* 28 U.S.C. § 1367.

## V.    VENUE

15. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 90(a)(2), because this district and division encompass the Magistrate Court of Gwinnett County, Georgia, the forum from which the case has been removed.

## VI.    NOTICE

16. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, attaching this Notice of Removal, is being filed contemporaneously with the Clerk of the Magistrate Court of Gwinnett County, Georgia, a copy of which is attached hereto as **Exhibit B**.

17. Upon information and belief, the pleadings attached hereto as **Exhibit A** represent all the pleadings served in this action in the state court.

18. This Notice of Removal is being served on the adverse party as required by 28 U.S.C. § 1446(d).

WHEREFORE, Wells Fargo hereby remove the Action to this Court.

Dated:   January 15, 2022             `         Respectfully submitted,

                                                */s/ Mark J. Windham*
                                                Mark J. Windham
                                                Georgia Bar No. 113194

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308
Telephone: (404) 885-3000
mark.windham@troutman.com

*Attorneys for Defendants Wells Fargo Bank National Association*

# CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on January 15, 2022, this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, and sent via Federal Express, addressed as follows:

*Pro Se Plaintiff*
James L. Giles
3700 Jeneen Ter
Douglasville, Georgia 30135

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

This 15th day of January 2022.

*/s/ Mark J. Windham*
Mark J. Windham